ORIGINAL

1   Anna Y. Park, CA SBN 164242
    Cherry-Marie D. Rojas, CA SBN 141482
2   Peter F. Laura, CA SBN 116426
    U.S. EQUAL EMPLOYMENT
3   OPPORTUNITY COMMISSION
    255 East Temple Street, Fourth Floor
4   Los Angeles, CA 90012
    Telephone: (213) 894-1076
5   Facsimile: (213) 894-1301
    E-Mail: lado.legal@eeoc.gov
6
    Attorneys for Plaintiff                              CV-S-05-1206-JCM-RJJ
7   U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
8

9                   UNITED STATES DISTRICT COURT

10                         DISTRICT OF NEVADA

11

12  U.S. EQUAL EMPLOYMENT          )   Case No.: CV-S-_____
    OPPORTUNITY COMMISSION,        )
13                                 )
                                   )   **COMPLAINT—TITLE VII**
14              Plaintiff,         )      **Sexual Harassment**
                                   )      **Retaliation**
15         vs.                     )
                                   )   **JURY TRIAL DEMAND**
16  AMERICA WEST AIRLINES, INC.,   )
                                   )
17                                 )
              Defendant.           )
18  ─────────────────────────────

19            **NATURE OF THE ACTION AND JURISDICTION**

20        1.    This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the

21  Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and

22  retaliation, and to provide appropriate relief to Laura Barr and a class of women, who were

23  adversely affected by such practices. As set forth more fully in this Complaint, Plaintiff

24  U.S. Equal Employment Opportunity Commission alleges that Laura Barr and a class of women

25  were subjected to a hostile work environment on the basis of sex, and that Ms. Barr was

26  retaliated against for complaining of the hostile work environment, by Defendant America West

27  Airlines, Inc. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

28

1  1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

2  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)

3  ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4  **VENUE**

5      2.    The employment practices alleged to be unlawful were and are now being

6  committed within the jurisdiction of the United States District Court for the District of Nevada.

7  **PARTIES**

8      3.    Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or

9  "Commission"), is the agency of the United States of America charged with the administration,

10  interpretation and enforcement of Title VII, and is expressly authorized to bring this action by

11  Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

12      4.    At all relevant times, Defendant, America West Airlines, Inc. (the "Employer"),

13  has continuously been a Delaware corporation doing business in the State of Nevada and the City

14  of Las Vegas, and has continuously had at least 15 employees.

15      5.    At all relevant times, Defendant Employer has continuously been an employer

16  engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

17  Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

18  **STATEMENT OF CLAIMS**

19      6.    More than thirty days prior to the institution of this lawsuit, Laura Barr filed a

20  charge with the Commission alleging violations of Title VII by Defendant Employer.  All

21  conditions precedent to the institution of this lawsuit have been fulfilled.

22      7.    From at least September 1999 through at least July 2001, Defendant Employer

23  engaged in unlawful employment practices at its Las Vegas, Nevada, location, in violation of

24  Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting its employees Laura Barr and a

25  class of women to a hostile working environment on the basis of sex.  Ms. Barr and a class of

26  women were subjected to unwelcome severe and/or pervasive harassment by a male supervisor

27  that included, but was not limited to, frequent and repeated physical touching, leering, requests

28

1  for dates, commentary demeaning to women, and commentary of a sexual nature that persisted

2  despite numerous complaints of the behavior made to Defendant Employer.  Defendant

3  Employer further failed to exercise reasonable care to prevent and correct promptly the sexually

4  harassing behavior.  EEOC alleges further that the harassment resulted in a tangible job action of

5  demotion for Ms. Barr, because the working conditions created by the hostile environment were

6  so intolerable that she was compelled to take a voluntary demotion in or about February 2001

7  order to escape the harassment.

8         8.      Beginning on or about July 24, 2001, and continuing thereafter, Defendant

9  Employer engaged in unlawful employment practices at its Las Vegas, Nevada, location, in

10  violation of Section  704 of Title VII, 42 U.S.C. § 2000e-3 by retaliating against Laura Barr for

11  opposing the harassment described in paragraph 8 above.  Specifically, Defendant Employer

12  took an adverse employment action against Ms. Barr when it refused and failed to promote her

13  into a position for which she interviewed and was qualified, because she engaged in the protected

14  activity of complaining to Defendant Employer of the hostile environment.

15         9.      The effect of the practices complained of in paragraphs 8-9 above has been to

16  deprive Laura Barr and a class of women of equal employment opportunities and otherwise

17  adversely affect their status as employees, because of their sex, female.

18         10.     The unlawful employment practices complained of in paragraphs 8-9 above were

19  and are intentional.

20         11.     The unlawful employment practices complained of in paragraphs 8-9 above were

21  and are done with malice or with reckless indifference to the federally protected rights of Laura

22  Barr and a class of women.

23                              **PRAYER FOR RELIEF**

24         Wherefore, the Commission respectfully requests that this Court:

25         A.      Grant a permanent injunction enjoining Defendant Employer, its officers,

26  successors, assigns, and all persons in active concert or participation with it, from engaging in

27  ///

28

1     sexual harassment, retaliation and any other employment practice which discriminates on the

2     basis of sex.

3          B.      Order Defendant Employer to institute and carry out policies, practices, and

4     programs which provide equal employment opportunities for women, and which eradicate the

5     effects of its past and present unlawful employment practices.

6          C.      Order Defendant Employer to make whole Laura Barr, by providing appropriate

7     backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

8     relief necessary to eradicate the effects of its unlawful employment practices, including but not

9     limited to promotion of Ms. Barr and restoration of benefits and seniority.

10         D.      Order Defendant Employer to make whole Laura Barr and a class of women, by

11    providing compensation for past and future pecuniary losses resulting from the unlawful

12    employment practices described in paragraphs 8-9 above, in amounts to be determined at trial.

13         E.      Order Defendant Employer to make whole Laura Barr and a class of women by

14    providing compensation for past and future nonpecuniary losses resulting from the unlawful

15    practices complained of in paragraphs 8-9 above, including emotional pain, suffering,

16    inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

17         F.      Order Defendant Employer to pay Laura Barr and a class of women punitive

18    damages for its malicious and reckless conduct described in paragraphs 8-9 and 12 above, in

19    amounts to be determined at trial.

20         G.      Grant such further relief as the Court deems necessary and proper in the public

21    interest.

22         H.      Award the Commission its costs of this action.

23    ///

24    ///

25    ///

26    ///

27    ///

28

1

## JURY TRIAL DEMAND

2   The Commission requests a jury trial on all questions of fact raised by its complaint.

3

4   James L. Lee
    Deputy General Counsel

5

6   Gwendolyn Young Reams
    Associate General Counsel

7

8   9/29/05

9   Anna Y. Park
    Regional Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28